IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STEPHEN PRATER AND<br>MELINDA SUE PRATER<br><br>VS.<br><br>SELECT PORTFOLIO SERVICING, INC. | §<br>§<br>§    C.A. NO. __1:23-cv-113__<br>§<br>§<br>§<br>§ |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Select Portfolio Servicing, Inc. ("**SPS**" or "**Defendant**") through undersigned counsel, hereby removes this case from the 197th Judicial District Court of Willacy County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division. Defendant denies the allegations of the Complaint and the damages contained therein, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

**I.     INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION**

1.     On or about July 27, 2023, Plaintiffs Stephen Prater and Melinda Sue Prater ("Plaintiffs") commenced this action by filing a Petition, Cause No. 2023-CV-0244-A in the 197th Judicial District Court of Willacy County, Texas, (the "State Court Action"). See Exhibit C-1. Defendant filed an answer on August 7, 2023. See Exhibit C-3. This action is being removed less than 30 days following service of the Petition filed in the State Court Action and less than 30 days after Defendant appeared in the State Court Action. Accordingly, removal is timely under 28 U.S.C. §1446(b).[1]

---

[1]    *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

## II.  PLEADINGS AND NOTICE TO STATE COURT

2. True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III.  STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

3. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1). That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[2] Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for both diversity of citizenship jurisdiction as well as Federal Question Jurisdiction.

## IV.  DIVERSITY JURISDICTION

### A.  Citizenship of the Parties

4. This civil action involves a controversy between citizens of different states. Plaintiffs are citizens of the State of Texas in that they reside in and are domiciled in the state of Texas.[3]

5. Defendant, Select Portfolio Servicing, Inc., is a Utah Corporation and is not a citizen of Texas for diversity purposes. A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its

---

[2] 28 U.S.C. §1332(a)(1).
[3] See Plaintiff's Original Petition (the "Complaint") at ¶1.

"nerve center").[4]  Defendant is a Utah corporation with its principal place of business in Salt Lake City, Utah.  SPS is not incorporated in Texas, nor is its principal place of business located in Texas.  Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

6. Since Plaintiffs are citizens of Texas and Defendant is a citizen of a state other than Texas, complete diversity of citizenship exists.[5]

### B. Amount in Controversy

7. This case places an amount in controversy that exceeds the $75,000 threshold.  A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[6]  Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[7]

8. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[8]  If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.[9]  The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[10]  In this instance, Plaintiffs' Complaint makes it facially apparent that Plaintiffs' claimed damages exceed $75,000.00 given that Plaintiffs seeks temporary and permanent injunctive relief that would

---

[4] 28 U.S.C. §1332(c)(1).
[5] *See* 28 U.S.C. § 1332(c)(1).
[6] *See* 28 U.S.C. §1441(a).
[7] *See* 28 U.S.C. §1332(a).
[8] *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996).
[9] *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[10] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).

preclude Defendant from conducting a foreclosure sale on the collateral securing the subject loan and the value of the property exceeds $75,000.00.

9. The filing of the present suit seeks to stop foreclosure by Defendant on property located at 900 East Wood Avenue, Raymondville, Texas (the "Property").[11]  The value of the Property according to the Willacy County Appraisal District for 2022 is no less than $177,136.00. *See* Exhibit D.

10. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[12]  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[13]  Plaintiffs seek relief which has and will continue to preclude enforcement of the contractual loan obligations or Defendant's right to foreclose on and take possession of the subject property.

11. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[14]  "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[15]  Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[16]  The value of the subject property in this instance for diversity purposes is no less than $177,136.00.  *See* Exhibit D.  The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes.

---

[11] See Plaintiff's Complaint at ¶ 13
[12] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).
[13] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[14] W*aller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[15] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F. 2d 727 (5th Cir. 1983).
[16] *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).

20060161.20230464/5166271.1

## V.    JURY DEMAND

12. Plaintiffs have made no known jury demand in the State Court Action.

## VI.    CONCLUSION

13. For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr. (*Lead Counsel*)
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink (*Attorney to be Noticed*)
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas 77002-2772
    Tel 713-220-9182 / Fax 713-223-9319
    Email: mhord@hirschwest.com
    Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August 2023, a true and correct copy of the foregoing Notice of Removal was forwarded as follows:

Ryan C. Solis
Ryan Solis Law Group
820 E. Hackberry
McAllen, Texas 78501
ryan@rsolislaw.com
**Via ECF and Email**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

5